ALEXANDER v. TIPS. (No. 7277.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1925. Rehearing Denied Feb. 18, 1925.)

Trial ⬗199—Submission to jury of issue whether defendant waived right to reject policy held error as submitting question of law.

Submission to jury of issue whether defendant by his acts waived right to reject policy as not being kind ordered, without instructing as to what constituted waiver, *held* error as submitting issue of law arising from facts, and court should have submitted merely questions of fact.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Action by C. R. Alexander against George W. Tips. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. F. Murray, of Runge, and H. W. Wallace, of Cuero, for appellant.

John W. Thames, of Kenedy, and C. L. Bell and Hal Browne, both of San Antonio, for appellee.

FLY, C. J. Appellant sought to recover of appellee the sum of $596.80, with 6 per cent. interest from April 9, 1921, as evi-denced by a promissory note for $626.80, with a credit of $30. Appellee answered by general demurrer, general denial, and a plea of failure of consideration. The cause was submitted to a jury on one issue, and upon the answer to it a judgment was rendered that appellant take nothing by his suit and pay all costs of suit.

The defense pleaded to the note was that it was given by appellee in payment of a premium on a policy on the life of appellee's son, Burnell Butler Tips, in the sum of $20,000, issued by the Pan-American Life Assurance Company of New Orleans, La.; that the application for the policy was signed, not only by the party seeking insurance, but also by appellee, and sought to obtain a policy known "as a 20 pay life optional premium reduction, with special disability and double indemnity rider attached, and that said application specially provided that the same shall become a part of the policy when accepted and approved." It was alleged that in the receipt given for the premium it was stated "but that if for any reason the said application is not accepted and approved as aforesaid, then this agreement and the said application shall become void and the amount of premium as evidenced by this receipt shall become returnable on demand." It was further alleged that the policy "issued was not the policy applied for, and that said company failed and refused to issue upon the life of said Burnell Butler Tips the policy applied for, that is to say, 20 payment optional premium reduction with special disability and double indemnity rider attached," but issued one without such rider. It was alleged that the words "optional premium reduction without disability and without double indemnity" meant "that, should the death of the insured accrue by external, violent, or accidental means, in place of the amount payable under said policy being $20,000 the same would have been $40,000, and that said special disability was to provide certain payment to the insured in case of total or partial disability during the life of the insured."

The allegations were sustained by the evidence, which showed without contradiction that the policy issued was not the one applied for by the insured and appellee. Appellant admitted a failure on the part of the company represented by him to provide the policy for which application was made, but sought to recover on the ground that appellee accepted the policy and waived its failure to provide the policy described in the application. The court presented the following issue:

"Did the defendant, Geo. W. Tips, by his acts and conduct waive his right to reject the policy given to him by plaintiff on or about July 2, 1921, on the life of his minor son, Burnell Butler Tips?"

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The answer was in the negative.

The issue submitted to the jury was not one of fact but one of law arising from facts. No attempt was made to instruct the jury as to what in law amounted to a waiver, but they were permitted to answer a question of law which should have been decided by the court. The province of a jury is to find facts, and when found the court should apply the law to such facts. The jury should have found whether appellee promised to return the policy in a few days, and whether that promise was performed, and, if not performed within the time promised, was appellant led to believe thereby that appellee had concluded to accept the policy, and was he justified in paying the money due on the note to the company? No such questions of fact were submitted to the jury, and the judgment must rest on a conclusion of law of the jury and facts found by the court.

Appellee admitted that he promised to return the policy in a few days, and that he received the policy on July 2d, and that it was not mailed to appellant until September 2d. Appellee swore that, after he had received the policy, he saw appellant several times, but did not say anything to him about returning the policy. It was 30 days after he got the policy that he told appellant he did not want it. Appellee never requested the return of his note when he finally told appellant that he would not pay it. He sought to excuse his delay in returning the policy by stating that he was busy dipping cattle, and told his wife to send it back and she forgot.

If by reason of the delay in returning the policy appellant was led to believe that appellee had concluded to retain the policy, and he was thereby induced to pay off and discharge the note to the company, a question of estoppel would arise in the case, which should have been determined upon facts found by the jury.

The judgment is reversed and the cause remanded.